

# NUMBER 13-22-00373-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LORI ANN CANO,                                                                    Appellant,

v.

THE STATE OF TEXAS,                                                               Appellee.

## On appeal from the 28th District Court
## of Burnet County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Silva
### Memorandum Opinion by Justice Hinojosa

On June 30, 2022, appellant attempted to perfect an appeal from a conviction of forgery of a government or financial instrument entered in trial court cause number CR13000716-A. We dismiss the appeal for want of jurisdiction.

Sentence in this matter was imposed with a judgment of conviction on April 14, 2022. On August 11, 2022, the Clerk of the Court notified appellant that it appeared the

appeal was not timely perfected. Appellant was advised the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the notice.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

Therefore, the appeal is dismissed for want of jurisdiction.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
25th day of August, 2022.